O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, Southeast District
Norwalk, No. VC 060754

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR J. GETTLER, | ) | Case No. CV 12-03374 DDP (JCGx) |
| Plaintiff, | ) | **ORDER REMANDING CASE TO STATE COURT** |
| v. | ) | |
| HSBC BANK USA, NA; OCWEN LOAN SERVICING, LLC; FIELDSTONE MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTYRATION SYSTEMS, INC., All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien of Interest in the Property Described in the Complaint, Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, | ) | [Dockets Nos. 9, 15] |
| Defendants. | ) | |

Plaintiff initially filed his Complaint against Defendants in California state court, on March 19, 2012. Plaintiff's Complaint brings various state law claims, stemming from Defendants' allegedly unlawful foreclosure on his home. Defendants removed the action to this court on April 18, 2012, on the basis of diversity

jurisdiction.  Defendants have since filed a Motion to Dismiss the
Complaint, while Plaintiff has filed a Motion for Remand to State
Court.  Having reviewed the parties' moving papers, the court finds
that it lacks subject matter jurisdiction and therefore remands the
case to state court.

In a case that has been removed to federal court based on
diversity jurisdiction, the proponent of jurisdiction "has the
burden to prove, by a preponderance of evidence, that removal is
proper."  Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.
Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010).  There is a "strong
presumption against removal jurisdiction," and federal jurisdiction
"must be rejected if there is any doubt as to the right of removal
in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566
(9th Cir. 1992) (internal quotation marks omitted).

For diversity jurisdiction, the amount in controversy must
exceed "the sum or value of $75,000, exclusive of interest and
costs."  28 U.S.C. § 1332(a)(1).  "Where the complaint does not
demand a dollar amount, the removing defendant bears the burden of
proving by a preponderance of the evidence that the amount in
controversy exceeds [$75,000]."  Singer v. State Farm Mut. Auto.
Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

Here, Plaintiff's Complaint requests damages and penalties
"according to proof," and also seeks to quiet title, vacate the
trustee's deed, and set aside the foreclosure sale.  (Compl. at 20-
21.)  Accordingly, it is not clear on the face of the Complaint
that the amount in controversy is $75,000 or more.  Defendant
alleges in its Notice of Removal, however, that Plaintiff's
original home loan was for $960,000.  Defendant suggests that this

1   loan amount is indicative of the value of the property, which
2   Defendant asserts "is relevant in determining the amount of
3   controversy," because Plaintiff "seeks adjudication of rights in
4   the [p]roperty."   (Notice of Removal ¶ 19.)   In responding to
5   Plaintiff's Motion to Remand, Defendant also contends that there is
6   federal question jurisdiction, because Plaintiff has alleged
7   federal causes of action in his Complaint.   The court disagrees.
8        First, having reviewed Plaintiff's Complaint, the court sees
9   no specific allegations as to damages or penalties suggesting that
10  the amount in controversy is $75,000 or more.   Second, it is true
11  that "[i]n a suit to quiet title, the amount in controversy is the
12  value of the subject property."   McLaughlin v. Mortgage Elec.
13  Registration Sys. Inc., No. CV-11-1864, 2012 WL 1520123, at *2 (D.
14  Ariz. May 1, 2012) (citing Chapman v. Deutsche Bank Nat. Trust Co.,
15  651 F.3d 1039, 1045 n.2 (9th Cir. 2011).   However, at least one
16  district court in this Circuit has concluded that "[t]he amount of
17  the promissory note simply does not establish the value of the
18  underlying property."   McLaughlin, 2012 WL 1520123, at *2.   As that
19  court explained: "Sadly for homeowners and the economy, one no
20  longer reasonably can presume that the amount of a mortgage loan
21  equals or is less than the value of the property securing it."   Id.
22  This court agrees.   Further, although Plaintiff does seek to vacate
23  the deed of trust, which secures the promissory note, Plaintiff
24  does not request as relief rescission of the actual loan.   Nor
25  could he, Plaintiff clearly "owes someone money" on the promissory
26  note.   Id.
27       Last, the court finds that there is no federal question
28  jurisdiction.   Although Plaintiff mentions violations of federal

3

1    law in his Complaint, these are clearly non-essential <u>factual</u>

2    allegations.   Plaintiff's ten <u>claims</u>, to the contrary, are based

3    entirely on state law.

4         Because Defendants fail to establish by a preponderance of

5    evidence that the amount in controversy requirement is met, and the

6    case presents no federal question, the court concludes that it

7    lacks subject matter jurisdiction.   Removal was therefore improper

8    and the court hereby GRANTS Plaintiff's Motion to Remand and

9    REMANDS the entire matter to state court.   The court also VACATES

10   the pending Motion to Dismiss.

11

12

13   IT IS SO ORDERED.

14

15

16   Dated: August 20, 2012

17                                  DEAN D. PREGERSON
                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

4