O

JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, Southeast District
Norwalk, No. VC 060754

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GETTLER, | Case No. CV 12-03374 DDP (JCGx) |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT** |
| v. | |
| HSBC BANK USA, NA; OCWEN LOAN SERVICING, LLC; FIELDSTONE MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTYRATION SYSTEMS, INC., All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien of Interest in the Property Described in the Complaint, Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, | [Dockets Nos. 9, 15] |
| Defendants. | |

Plaintiff initially filed his Complaint against Defendants in California state court, on March 19, 2012. Plaintiff's Complaint brings various state law claims, stemming from Defendants' allegedly unlawful foreclosure on his home. Defendants removed the action to this court on April 18, 2012, on the basis of diversity

jurisdiction. Defendants have since filed a Motion to Dismiss the Complaint, while Plaintiff has filed a Motion for Remand to State Court. Having reviewed the parties' moving papers, the court finds that it lacks subject matter jurisdiction and therefore remands the case to state court.

In a case that has been removed to federal court based on diversity jurisdiction, the proponent of jurisdiction "has the burden to prove, by a preponderance of evidence, that removal is proper." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010). There is a "strong presumption against removal jurisdiction," and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted).

For diversity jurisdiction, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

Here, Plaintiff's Complaint requests damages and penalties "according to proof," and also seeks to quiet title, vacate the trustee's deed, and set aside the foreclosure sale. (Compl. at 20-21.) Accordingly, it is not clear on the face of the Complaint that the amount in controversy is $75,000 or more. Defendant alleges in its Notice of Removal, however, that Plaintiff's original home loan was for $960,000. Defendant suggests that this

2

loan amount is indicative of the value of the property, which Defendant asserts "is relevant in determining the amount of controversy," because Plaintiff "seeks adjudication of rights in the [p]roperty." (Notice of Removal ¶ 19.) In responding to Plaintiff's Motion to Remand, Defendant also contends that there is federal question jurisdiction, because Plaintiff has alleged federal causes of action in his Complaint. The court disagrees.

First, having reviewed Plaintiff's Complaint, the court sees no specific allegations as to damages or penalties suggesting that the amount in controversy is $75,000 or more. Second, it is true that "[i]n a suit to quiet title, the amount in controversy is the value of the subject property." McLaughlin v. Mortgage Elec. Registration Sys. Inc., No. CV-11-1864, 2012 WL 1520123, at *2 (D. Ariz. May 1, 2012) (citing Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). However, at least one district court in this Circuit has concluded that "[t]he amount of the promissory note simply does not establish the value of the underlying property." McLaughlin, 2012 WL 1520123, at *2. As that court explained: "Sadly for homeowners and the economy, one no longer reasonably can presume that the amount of a mortgage loan equals or is less than the value of the property securing it." Id. This court agrees. Further, although Plaintiff does seek to vacate the deed of trust, which secures the promissory note, Plaintiff does not request as relief rescission of the actual loan. Nor could he, Plaintiff clearly "owes someone money" on the promissory note. Id.

Last, the court finds that there is no federal question jurisdiction. Although Plaintiff mentions violations of federal

3

1  law in his Complaint, these are clearly non-essential <u>factual</u>
2  allegations.  Plaintiff's ten <u>claims</u>, to the contrary, are based
3  entirely on state law.
4       Because Defendants fail to establish by a preponderance of
5  evidence that the amount in controversy requirement is met, and the
6  case presents no federal question, the court concludes that it
7  lacks subject matter jurisdiction.  Removal was therefore improper
8  and the court hereby GRANTS Plaintiff's Motion to Remand and
9  REMANDS the entire matter to state court.  The court also VACATES
10 the pending Motion to Dismiss.

13 IT IS SO ORDERED.

16 Dated: August 20, 2012
                                         DEAN D. PREGERSON
17                                       United States District Judge